Mr. Justice Moore
delivered the opinion of the court.
The instant controversy involves the question as to whether Dwight D. Murphey, hereinafter referred to as the petitioner, has the right to have his name appear on the ballot at the forthcoming primary election as a designee of the Republican party for nomination for the office of district judge of the Fourth Judicial District of Colorado. The facts stipulated to by the parties are as follows:
“1. That the Petitioner, DWIGHT D. MURPHEY, first registered as a Republican on June 6, 1956, while residing in the City and County of Denver.
“2. That Petitioner thereafter maintained his residence and registration in Denver until his move to Colorado Springs.
“3. That on June 14, 1965, Petitioner moved from the City and County of Denver to the City of Colorado Springs, County of El Paso, and took up residence there on the said date.
“4. That on October 6, 1965, Petitioner registered with the election department of the county clerk’s office *338 of the County of El Paso, stating his address at 1115 Westmoor Drive, Colorado Springs, Colorado, and declaring his party affiliation as Republican; that no certificate from Denver was filed on said date.
“5. That on May 2, 1966, Petitioner filed with the election department of the County Clerk’s Office in El Paso County a certificate from the Election Commission of the City and County of Denver showing his registered party affiliation as a Republican as shown therein.
“6. That a certified copy of the registration sheet appearing in the books of the election department of the El Paso County Clerk’s Office pertaining to Petitioner, which certified copy includes the certificate from Denver, has been attached to the verified Petition in this action as Exhibit, and is stipulated into evidence.
“7. That as a candidate for district judge Petitioner received more than twenty per cent of the votes of the duly accredited delegates to the Fourth Judicial District Republican Assembly held in Colorado Springs, Colorado, on Friday, July 22, 1966; that the office of district judge is to be voted on at the ensuing general election.
“8. That the Respondent BERNARD L. TROTT was the presiding officer of the said Assembly and the Respondent ROBERT DUNLAP was the secretary of the said assembly.
“9. That the Respondents announced at the conclusion of the voting at the said Assembly, and before the vote talley was announced, that they would decline to certify by affidavit the designation of Petitioner by the said assembly; that they based their position upon the ground that, in light of the facts set out above, they could not certify, in accordance with C.R.S. 1963, 49-6-4, that Petitioner ‘has been a member of said political party for the period of time required by law as shown by the registration books of the El Paso County Clerk and Recorder’s Office.’
“10. That Petitioner is over the age of twenty-one years, has been a licensed and practicing attorney in *339 Colorado for more than five years, and is in all other respects eligible to seek the office of district judge, with the exception that Respondents assert that Petitioner has not met the party affiliation requirement to enable him to seek such office as a Republican candidate therefor as required by Chapter 49, Article 6, Section 4 of the 1963 Colorado Revised Statutes, in that Petitioner has failed to comply with the provisions of Chapter 49, Article 5, Sections 4 and 5 of the 1963 Colorado Revised Statutes to preserve his party affiliation of record as a result of his change of residence.
“11. That by Verified Petition and Order to Appear and Answer, duly served upon the Respondent BERNARD L. TROTT and with service accepted by the Respondent ROBERT DUNLAP, Petitioner has invoked the provision of C.R.S. 1963 49-18-5 to bring the controversy before this court, which accordingly has jurisdiction over the parties and the subject matter.”
In order to have been an eligible candidate for designation Murphey must have been “affiliated with” the Republican party for the twelve months immediately preceding the date of the assembly. The statute in this connection provides:
“(4) No person shall be eligible for designation by assembly as a candidate for nomination at any primary election unless such person shall have been affiliated with the political party holding the assembly for a period of at least twelve months immediately preceding the date of the assembly, as shown by the registration books of the county clerk.”
The pertinent statutes concerning the transfer of party affiliation from one county to another are as follows:
“49-5-4. LOSS OF PARTY AFFILIATION. The declaration of party affiliation shall remain as to each registered elector making same until changed or withdrawn; provided, such elector shall lose his party affiliation by moving from the county in which he resided at the time the declaration or change was made, unless *340 he transfers his affiliation as provided in section 49-5-5, or by failure to vote at any general election.
“49-5-5. TRANSFER OF PARTY AFFILIATION. Upon the request of any registered elector moving or about to move from the county in which he resides, the county clerk of that county shall prepare a certificate showing the registered party affiliation of such elector during the twelve months immediately preceding such change of residence. The elector may present such certificate to the registration committee or the county clerk of the new county of residence at the time he registers. Thereupon the registration committee or the county clerk shall record on the registration sheet the information shown in the certificate and such record shall be evidence of party affiliation. The provisions of this section shall not apply to transfers of party affiliation from without the state.”
The Republican assembly gave petitioner a sufficient vote to designate him, provided he is otherwise eligible. It is the duty, under the statute, of the presiding officer and the secretary of the assembly to certify his designation, and in doing so they must certify that he has been a registered Republican for the required time.
C.R.S. 1963, 49-6-4 (2) (a), as amended in 1965, states:
“* * * Every candidate receiving twenty per cent or more of the votes of the duly accredited delegates to such assembly for any office to be voted upon at the ensuing general election shall be certified by affidavit of the presiding officer and secretary of the assembly. The certificate of designation by assembly shall state the name of the office for which each person is a candidate, his name and address * * * and shall certify that the candidate has been a member of said political party for the period of time required by law * * *.”
The defendants in error (respondents in the trial court) announced publicly at the assembly their intention not to certify the designation of petitioner. They stated that they would not do so because, under their *341 interpretation of the law, petitioner had not been an affiliated Republican for the twelve months immediately preceding the assembly. In their view, the time element in the statute (as quoted above) that “the elector may file * * * at the time he registers” is mandatory, so that he should have filed the certificate from Denver on October 6, 1965 (the day he registered in the new county of residence), and could not satisfy the statute by filing it on any later date. Accordingly, they say, he lost his Denver party affiliation by failing to file the certificate on the exact day he registered, and cannot now tack on the Denver affiliation to satisfy the twelve-month requirement. Because of this position taken by respondents, the issue presented to the trial court, and that which is to be determined here, is:
Whether in order to have been affiliated with the Republican party for the twelve months immediately preceding the assembly, the petitioner must have filed in the new county the certificate proving his prior affiliation at the time he registered in the new county, or whether his later filing actually sufficed under the statute?
As already noted, Murphey, registered in El Paso county on October 6, 1965. At that time his former party affiliation was not made to appear. Approximately six months thereafter (May 2, 1966) his certificate showing his Denver party affiliation was filed with the county clerk’s office in El Paso county. The trial court sustained the position taken by the respondents and judgment was entered dismissing the complaint filed by Murphey.
As part of the answer of respondents, there appears an opinion of the Attorney General concerning the controversy under consideration. From that opinion we quote the following pertinent language:
“Section 49-5-5, CRS 1963, provides the procedure for the transfer of party affiliation from one county to another within the State of Colorado, and when a cer *342 tificate of registered party affiliation is presented to the county clerk of the new county at the time of registration, the information on such certificate shall be recorded on the registration sheet ‘and such record shall he evidence of party affiliation’ (Emphasis supplied.)
“Section 49-5-4, CRS 1963, provides that unless the procedure of 49-5-5 is followed, an elector moving from one county to another shall lose his party affiliation.
“Section 49-6-4(4), CRS 1963, requires that a candidate be affiliated with the political party for at least 12 months prior to the assembly ‘as shown by the registration books of the county clerk.’ If the procedure of 49-5-5 is followed, the registration books of the county clerk of the new county will show the party affiliation of the elector.
“If the certificate is presented to the county clerk at some time after registration in the new county, the procedure of 49-5-5 has not been followed; therefore, under 49-5-4, the elector has lost his party affiliation by his move and the required 12 months will commence to run in the new county at the time he first declared his party affiliation in that county.”
We are in full agreement with the foregoing statement of the Attorney General. We hold that under the stipulated facts before us Mr. Murphey is not eligible for designation by the Republican Assembly as a candidate for district judge, for the reason that under the statutes hereinabove mentioned he had not been affiliated with the Republican party for the required period of twelve months prior to July 22, 1966, on which date the party assembly was held.
The judgment is affirmed.
Mr. Chief Justice Sutton and Mr. Justice Day not participating.